(58 Misc. Rep. 249.)

PEOPLE ex rel. EDISON ELECTRIC ILLUMINATING CO. v. COMMIS-
SIONERS OF TAXES AND ASSESSMENTS.

(Supreme Court, Special Term, New York County.   March, 1908.)

TAXATION—ELECTRIC LIGHT COMPANIES—PROPERTY UNDER WATER.

> Under Laws 1896, p. 796, c. 908, § 2, subd. 3, as amended by Laws 1899,
> p. 1589, c. 712, taxable property of an electric light company situated in
> or under public waters, in connection with a special franchise, cannot
> be assessed by the commissioners of taxes in the city of New York, but
> is to be taxed, only as a part of a special franchise made by the state
> board of tax commissioners, under section 47 (page 1594).

Certiorari by the people, on the relation of the Edison Electric Il-
luminating Company, against the commissioners of taxes and assess-
ments, to review their proceedings in assessing certain property.
Assessments vacated.

Parker, Hatch & Sheehan (Ashley T. Cole, of counsel), for re-
lator.

F. K. Pendleton, Corp. Counsel (Curtis A. Peters, of counsel),
for respondents.

HENDRICK, J.   The issue in each of these three proceedings
has narrowed down to the question of the power of the commis-
sioners of taxes of the city of New York to assess certain tangible
property of the relator situated in or under public waters.   Both
the relator and respondents rely upon subdivision 3 of section 2 of
the tax law (Laws 1896, p. 796, c. 908, as amended by Laws 1899,
p. 1589, c. 712).   Each gives it a different interpretation.   That sub-
division defines the terms "lands," "real estate," and "real proper-
ty" as including, besides the tangible property enumerated, "the
value of all franchises, rights, authority or permission to construct,
maintain or operate in, under, above, upon or through any streets,
highways, or public places, mains, pipes," etc.   All of these intangi-
ble rights it classifies for the purposes of taxation under the one
head of "special franchises."   It then continues:

> "A special franchise shall be deemed to include the value of the tangible
> property of a person * * * or corporation situated in, upon or above
> any street, highway, public place or public waters in connection with the
> special franchise.   The tangible property so included shall be taxed as a
> part of the special franchise."

Section 47 of the tax law (Laws 1899, p. 1594, c. 712) provides
as follows:

> "Tangible property subject to a special franchise tax situated in, upon,
> under or above any street, highway, public place or public waters, as describ-
> ed in subdivision 3 of section 2, shall not be taxable, except upon the assess-
> ment made as herein provided by the state board of tax commissioners."

It is difficult at a glance to harmonize all of the provisions of
subdivision 3.   The term "real property," for the purposes of tax-
ation, seems to be limited to such intangible rights or franchises
as relate to public streets or highways, and to exclude by inference
such as relate to public waters.   It may be that the omission to in-

clude the right to construct mains and wires under public waters as special franchises was an inadvertent one, but it is immaterial for the purposes of the present application. Whatever doubts there may be as to the classification of special franchises to operate mains, etc., under public waters as real property, the statute clearly includes under the term "special franchise" such tangible property under public waters as is used in connection with the special franchise. The distinction inferred in the clause "in connection with the special franchise" clearly covers the case of the relator. It has brought itself within the provisions of the exception, if it be an exception at all, namely, it sets forth that the only property of the kind described in the assessments which it possessed was such as was situated in, upon, under, or above streets, highways, and public places of the borough of Brooklyn, and included in the special franchises upon which it was assessed by the state board of tax commissioners. In other words, it was tangible property situated in public waters as a part or continuation of its system in the public streets, and operated by it under its special franchise and in connection therewith. As there is no suggestion that the property under water was the subject of a separate and distinct franchise, no such inference can be drawn. It was tangible property within the meaning of subdivision 3, and under section 47 of the tax law assessable and taxable only by the state board of tax commissioners.

The assessments by the respondents should be vacated.

Assessments vacated.